OPINION *Page 2 
{¶ 1} Defendant-appellant Richard Lee Harper ("husband") appeals the May 11, 2006 Decree of Divorce entered by the Ashland County Court of Common Pleas, Domestic Relations Division, which incorporated the settlement agreement executed by husband and plaintiff-appellee Judy Catherine Harper ("wife"). Additionally, husband appeals the trial court's May 11, 2006 Judgment Entry, which overruled his motion for reconsideration, and the trial court's May 16, 2006 Judgment Entry, which overruled his motion to reconsider the May 11, 2006 Order.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Husband and wife were married on December 8, 1973, in Ashland, Ohio. One child was born as issue of said union, who is now emancipated. Wife filed a Complaint for Divorce on February 7, 2005. Husband filed an answer and counterclaim on February 24, 2005. Wife filed a timely answer to the counterclaim.
 {¶ 3} The trial court scheduled the matter for final hearing on April 12, 2006. On that date, the parties entered into an agreement resolving all issues pending before the trial court. Counsel for the parties advised the trial court they had reached a complete agreement and were prepared to proceed with the final uncontested divorce hearing. Under oath, husband and wife individually stated he/she understood the agreement, were entering into the agreement voluntarily, believed the agreement was fair and equitable, acknowledged the binding nature of the agreement, and were satisfied with the representation provided by his/her counsel. *Page 3 
 {¶ 4} On April 24, 2006, husband filed a Motion for Reconsideration, asking the trial court to vacate the settlement and set the matter for further hearing. In his motion, husband asserted the agreement was reached through a mathematical error, and would financially ruin him. Attached to the motion was husband's affidavit, in which he avers he "was so stressed in the Courthouse on April 12, 2006, that he is without knowledge to the particulars of the agreement." Via Judgment Entry filed May 11, 2006, the trial court overruled husband's motion, finding the record establishes husband entered into the agreement voluntarily, knowingly, and intelligently, and there were no grounds for reconsideration of the adoption of the agreement. The trial court also filed its Judgment Entry/Decree of Divorce on May 11, 2006. Husband filed a Motion to Reconsider the Order Overruling the Motion for Reconsideration on May 16, 2006. That same day, the trial court overruled the motion.
 {¶ 5} It is from the May 11, 2006 Judgment Entry, the May 11, 2006 Judgment Entry/Decree of Divorce, and the May 16, 2006 Judgment Entry husband appeals, raising the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN OVERRULING THE MOTION FOR RECONSIDERATION.
 {¶ 7} "II. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN OVERRULING THE APPELLANT'S MOTION TO RECONSIDER THE ORDER OVERRULING THE MOTION FOR RECONSIDERATION.
 {¶ 8} "III. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN FAILING TO EXERCISE ITS EQUITY JURISDICTION AND ALLOWED THE SETTLEMENT TO BE ENTERED INTO JUDGMENT." *Page 4 
 I, II, III {¶ 9} Because husband's assignments of error are interrelated, we shall address said assignments of error together. In his first assignment of error, husband contends the trial court abused its discretion in overruling his motion for reconsideration. In his second assignment of error, husband asserts the trial court abused its discretion in overruling his motion to reconsider the order overruling the motion for reconsideration. In his third assignment of error, husband maintains the trial court abused its discretion in failing to exercise its equity jurisdiction and in entering the settlement into judgment.
 {¶ 10} Although captioned "Motion for Reconsideration", we find husband was actually asking the trial court to allow him to withdraw his consent to the agreement. In considering husband's arguments, this Court must determine whether the trial court abused its discretion by not allowing husband to withdraw his consent. In order to find an abuse of discretion, we must find the trial court's attitude was unreasonable, arbitrary, or unconscionable. Calderon v. Sharkey (1982),70 Ohio St.2d 218, 219-220.
 {¶ 11} After the parties advised the trial court they had reached an agreement, the trial court and counsel inquired of the parties to ensure each understood all the terms and conditions contained therein and that he/she believed the division of property to be fair and reasonable.
 {¶ 12} Specifically, the questioning of husband proceeded as follows:
 {¶ 13} "Q. [Attorney Ray Fesmier, husband's counsel] By virtue of pretrial discussions and negotiations that happened throughout this case * * * you have reached a complete Agreement resolving all issues involving your marriage? *Page 5 
 {¶ 14} "A. Yes, we have.
 {¶ 15} "* * *
 {¶ 16} "Q. And you and I went over this today?
 {¶ 17} "A. Right.
 {¶ 18} Q. We went over it several times?
 {¶ 19} "A. Yes, we did.
 {¶ 20} "Q. And we made some changes to it?
 {¶ 21} "A. Yes, we did.
 {¶ 22} "Q. Do you believe that you understand all the terms and conditions in this Agreement?
 {¶ 23} "A. Yeah, I believe so, yes.
 {¶ 24} "* * *
 {¶ 25} "Q. Do you believe that this Agreement is a fair resolve for all of your assets and debts that were accumulated during the marriage?
 {¶ 26} "A. Yeah.
 {¶ 27} "Q. You would like it to be different, but you believe this, at this point in time, to be fair?
 {¶ 28} "A. Yeah.
 {¶ 29} "Q. Now, if we tried the case today to the Court and didn't reach the Agreement, the Court would have to make findings as to the values of each item of property that you folks own and which of you is going to be awarded that property and which of you is to be awarded specific debts, because we reached an Agreement, do *Page 6 
you waive the Court's responsibility to make specific findings as to the value of each and every item of property?
 {¶ 30} "A. Yeah, I do.
 {¶ 31} "Q. And do you agree that the division, even if it's not exactly equal, is equitable in this case?
 {¶ 32} "A. Yeah.
 {¶ 33} "Q. Now, you understand that pursuant to this Agreement, you have to pay spousal support to your wife?
 {¶ 34} "A. Yeah.
 {¶ 35} "Q. And you have to pay $1,000 a month and you're going to have to do that until she's 62, do you understand that?
 {¶ 36} "A. Yeah.
 {¶ 37} "Q. Do you also understand that the Court has no jurisdiction to change that at any time in the future?
 {¶ 38} "A. Yeah.
 {¶ 39} "Q. If you become disabled in six months, the Court cannot change that; do you understand that?
 {¶ 40} "A. Yeah.
 {¶ 41} "Q. If you win the lottery tomorrow, the Court cannot change that?
 {¶ 42} "A. Okay.
 {¶ 43} "* * * *Page 7 
 {¶ 44} "Q. Now, you also understand that with the division of all the property and all the debt you're going to pay to your wife a property settlement over a period of time. Do you understand that?
 {¶ 45} "A. Right.
 {¶ 46} "Q. You understand that eventually, you're going to end up paying a total of $30,000?
 {¶ 47} "A. Yes, I understand that.
 {¶ 48} "Q. And you're going to pay the first $10,000 on or before May 12, 2006, which is about 30 days from now.
 {¶ 49} "A. Right.
 {¶ 50} "* * *
 {¶ 51} "Q. Okay. Now, you signed this Agreement, is that right?
 {¶ 52} "A. Yes, sir.
 {¶ 53} "Q. When you signed that, was that a voluntary action on your part?
 {¶ 54} "A. Yes, it was.
 {¶ 55} "Q. Okay. Are you asking the Court to adopt this Agreement as the Order of the Court?
 {¶ 56} "A. Yes.
 {¶ 57} "Q. Do you understand that if the Court adopts it, it becomes legally binding on both of you?
 {¶ 58} "A. Yes, I do.
 {¶ 59} "* * * *Page 8 
 {¶ 60} "The Court: * * * Mr. and Mrs. Harper, I am, based upon the Agreement you have presented here today finding that the two of you are incompatible and I am ordering that your marriage be dissolved on that ground. You will be granted a divorce, each from the other on the grounds of incompatibility. I am further finding that the property division, which you have presented to the Court is fair and equitable based upon your representations that it is and I am adopting and approving that as the final Decree of Divorce in this case. I am also adopting and approving all the other Orders which you have agreed to here today. * * *"
 {¶ 61} April 12, 2006 Tr. at 25-30, 34-35.
 {¶ 62} Based upon the foregoing, we find, while husband may have wished the settlement agreement were different and may have been stressed during the negotiations thereof, husband still voluntarily and with full knowledge of the terms of the agreement entered into such and was present at the time the trial court approved and adopted the agreement. The settlement herein was made before the court and the court adopted the settlement as its judgment as to the division of property and spousal support. Accordingly, we find the trial court did not abuse its discretion by not allowing husband to withdraw his consent to the agreement. The trial court accepted a settlement agreement which was agreed upon by knowing and informed parties. The details of the agreement were found by the trial court to be fair.
 {¶ 63} Husband further asserts the fact his signature does not appear on the Judgment Entry, somehow invalidates the trial court's adoption thereof. R.C. 3105.171 governs the division of marital and separate property. Subsection(G) requires a trial court make written findings of fact to support a determination the marital property has *Page 9 
been divided equitably. However, where the settlement agreement clearly indicates such document is the complete settlement of all issues to be addressed and the parties made complete disclosure of all assets beforehand, there is an implicit waiver of the requirements of R.C.3105.171(G). Pinkston v. Pinkston (1998), 10th District No. 97APF09-1267, unreported.
 {¶ 64} "Settlement agreements and property divisions which are stipulated to by counsel for the parties in the presence of the trial court, represented by counsel for the parties to be the agreement of the parties, and which are read into the record before the court and in the presence of the parties, are enforceable agreements when adopted by the court and are enforceable even though the stipulation of settlement is not signed by the parties." Thomas v. Thomas (1982), 5 Ohio App. 3d 94, syllabus.
 {¶ 65} Based upon the foregoing, we find the trial court did not abuse its discretion. Appellant's assignments of error are overruled. *Page 10 
 {¶ 66} The judgment of the Ashland County Court of Common Pleas, Domestic Relations Division, is affirmed.
 By: Hoffman, J. Gwin, P.J. concur Edwards, J. dissents *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant. *Page 11